**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAMARIS DE LA ROSA-VALENZUELA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    14-71812

Agency No. A201-278-346

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Damaris De La Rosa-Valenzuela, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's decision denying her motion to reopen

removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252.  We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims and questions of law.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny the petition for review.

The agency did not abuse its discretion or violate due process in denying De La Rosa-Valenzuela's motion to reopen in absentia proceedings, where she did not establish that her former attorney's translation error as to her hearing date was an exceptional circumstance beyond her control causing her failure to appear at her hearing, when the immigration court also sent her a subsequent hearing notice with the correct hearing date after her former attorney withdrew.  *See* 8 U.S.C. § 1229a(e)(1) (defining exceptional circumstances as circumstances beyond the control of the alien, including battery, extreme cruelty, death, or serious illness of the alien or their immediate relatives, but not less compelling circumstances); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

14-71812